**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **MARC LEWIS** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | **CIVIL ACTION NO. 5:20-cv-00673** |
| **v.** | § | |
| | § | |
| **FEDERAL HOME LOAN MORTGAGE** | § | |
| **CORPORATION,** | § | |
| | § | |
| *Defendant*. | § | |

## NOTICE OF REMOVAL

Defendant Federal Home Loan Mortgage Corporation ("Freddie Mac" or "Defendant")

hereby removes the action Plaintiff Marc Lewis ("Plaintiff") filed in the 166th Judicial District

Court of Bexar County, Texas, Cause No. 2020C103064 to the United States District Court for

the Western District of Texas, San Antonio Division, under 12 U.S.C. 1452(f) and 28 U.S.C. §

1331 and 1332.

## I.     STATEMENT OF THE CASE

1.      On or about February 12, 2020, Plaintiff commenced Cause No. 2020C103064

styled *Lewis v. Fed. Home Loan Mortg. Corp.,* in the 166th Judicial District Court of Bexar

County, Texas, (the "State Court Action"). Pursuant to 28 U.S.C. § 1446(a), copies of all

process, pleadings, orders and other papers filed in the State Court Action and obtained by

Defendant are attached hereto as composite **Exhibit "A"** and incorporated herein by reference.

2.      Plaintiff sues Defendant for violations of Section 50(a)(6), Article XVI of the

Texas Constitution, as well as claims for breach of contract, quiet title, and declaratory relief in

connection with property in which Defendant holds a lien interest.   Plaintiff argues that

Defendant's lien on the property is invalid, and seeks clear title to the property.   According to

Plaintiff's Original Petition ("Complaint"), Plaintiff seeks monetary relief of over $100,000, but not more than $200,000, plus unspecified non-monetary relief.[1]

3.      This Court has diversity jurisdiction over this case, as there is complete diversity of citizenship and the amount in controversy exceeds $75,000.

## II.      TIMELINESS OF REMOVAL

4.      Defendant was served with the Complaint on or about May 5, 2020. This Notice of Removal is filed within thirty (30) days of receipt of the Complaint by Defendants. Accordingly, this Notice of Removal is timely.[2]

## III.      VENUE

5.      Venue for this Notice of Removal is proper in the United States District Court for the Western District of Texas, San Antonio Division, because this district and division includes Bexar County, Texas – the location of the pending State Court Action.[3]

## IV.      BASIS FOR REMOVAL:  12 U.S.C. §1452(f)

6.      Freddie Mac is a United States corporation chartered by an Act of Congress organized and existing under the Federal Home Loan Mortgage Corporation Act, 12 U.S.C. § 1451, *et seq.*

7.      12 U.S.C. § 1452(f) provides that Freddie Mac "shall be deemed to be an agency included in sections 1345 and 1442 of such Title 28."  Section 1452(f) of Title 12 further provides, in pertinent part, that any civil action in a state court to which Freddie Mac is a party

---

[1] *See* Original Petition, ¶ 33.

[2] *See* 28 U.S.C. § 1446(b) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.").

[3] *See* 28 U.S.C. § 1441(a); 28 U.S.C. § 124(b)(2).

may, at any time before trial, be removed to the United States District Court embracing the place where the action is pending.

8.    28 U.S.C. § 1442(a) does not require Freddie Mac to notify or obtain the consent of any other defendant in this action in order to remove the entire case to federal court.[4]

9.    Freddie Mac is a party to the State Court Action as referenced above, and no trial of the action has yet taken place.  Freddie Mac is, therefore, entitled to remove this action to this Court.

## V.  BASIS FOR REMOVAL:  DIVERSITY

10.    Alternatively and as an additional basis of removal, this Court has original jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332 (diversity jurisdiction).   The requirements of diversity jurisdiction are met in this case because the parties are completely diverse in citizenship, and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

### A.    Complete Diversity Exists.

11.    Diversity jurisdiction exists if there is "complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State."[5]

12.    According to the Complaint, Plaintiff is a resident of Bexar County and, accordingly, is a citizen of Texas for purposes of diversity jurisdiction.[6]

---

[4] *See* 28 U.S.C. 1442(a); *Durham v. Lockheed Martin Corp.,* 445 F.3d 1247, 1253 (9th Cir. 2006) (stating that "[w]hereas all defendants must consent to removal under section 1441…, a federal officer or agency defendant can unilaterally remove a case under section 1442…") (citations omitted); *Ely Valley Mines, Inc. v. Hartford Accident & Indemnity Co.,* 644 F. 2d 1310, 1315 (9th Cir. 1981) (stating that "§ 1442 represents an exception to the general rule (under §§ 1441 and 1446) that all defendants must join in the removal petition").

[5] *Lincoln Prop. Co. v. Roche*, 126 S. Ct. 606, 610 (2005).

[6] *See* Original Petition, ¶ 3; *See Preston v. Tenet Healthsystem Mem'l Med. Ctr.,* 485 F.3d 793, 797-98 (5th Cir. 2007).

---

13.     Freddie Mac is a United States corporation chartered by an Act of Congress organized and existing under the Federal Home Loan Mortgage Corporation Act, 12 U.S.C. § 1451, *et seq*. and is at the present time a citizen of Washington, D.C.

14.     Because Plaintiff is a citizen of Texas and Freddie Mac is a citizen of Washington, D.C., complete diversity of citizenship exists.

**B.     The Amount in Controversy Exceeds $75,000.**

15.     In order to establish diversity jurisdiction, the amount in controversy must exceed $75,000.[7]

16.     Plaintiff seeks monetary relief of over $100,000, but not more than $200,000, plus unspecified non-monetary relief.[8]   Accordingly, the amount in controversy exceeds $75,000.

## VI.     PROCEDURAL REQUIREMENTS HAVE BEEN SATISFIED

17.     Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served in the State Court Action, are attached hereto as **Exhibit A.**

18.     Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Defendant is providing Plaintiff, through counsel, with written notice of removal; and a copy of this Notice of Removal is being filed with the Clerk of Bexar County, Texas.

## VII.     CONCLUSION

19.     The Court may exercise diversity jurisdiction over this action because the Parties are completely diverse, and the amount in controversy exceeds $75,000.

---

[7] 28 U.S.C. § 1332(a).

[8] *See* Original Petition, ¶ 33.

Dated: <u>June 4, 2020</u>                    Respectfully submitted,

<u>/s/ Heather N. Sutton</u>
**HEATHER N. SUTTON**, SBN: 24072378
hsutton@mcguirewoods.com
**MCGUIREWOODS LLP**
2000 McKinney Avenue, Suite 1400
Dallas, Texas 75201
Telephone: 214.932.6400
Facsimile: 469.372.3877

**ATTORNEY FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on <u>June 4, 2020</u>, a true and correct copy of the foregoing was served via the Court's ECF filing system, as follows:

Robert "Chip" Lane
Joshua D. Gordon
S. Alex Lick
The Lane Law Firm, P.L.L.C.
6200 Savoy Drive, Suite 1150
Houston, Texas  77036
(713) 595-8200
notifications@lanelaw.com
joshua.gordon@lanelaw.com
alex.lick@lanelaw.com

**ATTORNEYS FOR PLAINTIFF**

<u>/s/ Heather N. Sutton</u>
**HEATHER N. SUTTON**